UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANA and MICHELLE MANLEY,

    Plaintiffs,

v.                            Case No.

GC SERVICES LIMITED PARTNERSHIP,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW, Plaintiffs, DANA and MICHELLE MANLEY, by and through their undersigned counsel, and sue Defendant, GC SERVICES LIMITED PARTNERSHIP, and allege:

### JURISDICTION AND VENUE

1. That jurisdiction and venue are proper in this Court.

2. That jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3. That this action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Florida Consumer Collections Practices Act, Fla. Stat. § 559.72 et seq. ("FCCPA") and out of the invasions of Plaintiffs' personal and financial privacy by the Defendant and its agents, in their illegal efforts to collect a consumer debt from Plaintiffs, DANA and MICHELLE MANLEY.

4. That venue is properly placed in this Court pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claims occurred in

1

this judicial district, Plaintiffs, DANA and MICHELLE MANLEY, reside within this judicial district, and Defendant transacts business within this judicial district.

## PARTIES

5. That Plaintiff, DANA MANLEY, is a natural person, of the full age of majority, a resident and domiciliary of Valrico, Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and is a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

6. That Plaintiff, MICHELLE MANLEY, is a natural person, of the full age of majority, a resident and domiciliary of Valrico, Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and is a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

7. That Defendant, GC SERVICES LIMITED PARTNERSHIP (hereinafter referred to as "GC SERVICES"), is a Delaware limited partnership, and a collection agency, with its principal place of business in Houston, Texas, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. That on or around November 16, 2007, Plaintiffs, DANA and MICHELLE MANLEY, incurred a financial obligation, which was primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card debt with Citibank in the approximate amount of $11,378.46.

9. That sometime thereafter, the debt was consigned, placed, or otherwise transferred to Defendant, GC SERVICES, for collection from Plaintiffs, DANA and MICHELLE MANLEY.

## NOVEMBER 2009 COLLECTION COMMUNICATION

10. That in November of 2009, Plaintiffs' neighbors, Mr. and Mrs. Dave and Marty Walton, began receiving telephone calls from agents and/or employees of Defendant, GC SERVICES, with regard to the debt owed by Plaintiffs, DANA and MICHELLE MANLEY.

11. That Plaintiffs' neighbors saw Defendant's telephone number show up on their caller identification system on a few occasions, but did not recognize the company so they did not answer the telephone or return the call.

## NOVEMBER 17, 2009 COLLECTION COMMUNICATION

12. That on or about November 17, 2009 at 11:17 a.m., Plaintiffs' neighbors, Dave and Marty Walton, received a telephone call from "Marie Evans," an agent or employee of Defendant, GC SERVICES.

13. That "Marie" informed Mr. Walton that she needed to get in contact with Plaintiff, MICHELLE MANLEY, immediately, regarding an urgent matter.

14. That "Marie" asked Mr. Walton to give her telephone number to Plaintiffs, DANA and MICHELLE MANLEY, and have them call her immediately.

15. That Mr. and Mrs. Walton were suspicious of the telephone call and "googled" the telephone number they received the call from. Their search informed them that the call was made by Defendant, GC SERVICES, a debt collection agency.

## NOVEMBER 18, 2009 COLLECTION COMMUNICATION

16. That on or about November 18, 2009, Plaintiffs' neighbors, Wes and Lindsey Jackson, received a telephone call from "Marie Evans," an agent or employee of Defendant, GC SERVICES.

17. That Mr. and Mrs. Jackson were not home at the time of the telephone call, but the baby-sitter that they had hired to watch their child, Chloe Walton, answered the call.

18. That "Marie" attempted to give her telephone number to Chloe in order to have her deliver it to Plaintiffs, DANA and MICHELLE MANLEY.

19. That Chloe was caught off guard by "Marie's" request and became flustered so she hung up her. Upon returning home, Chloe told her parents about the telephone call.

## NOVEMBER 19, 2009 COLLECTION COMMUNICATION

20. That on or about November 19, 2009, Plaintiffs' neighbors, Dave and Marty Walton, received a telephone call from an agent or employee of Defendant, GC SERVICES.

21. That the agent or employee of Defendant, GC SERVICES, expressed to Mrs. Walton that it was highly important that she get in touch with Plaintiffs, DANA and MICHELLE MANLEY, and instructed Mrs. Walton to write down Defendant's telephone number and deliver it to Plaintiffs with a message that they return the call right away.

22. That Mrs. Walton informed the agent or employee of Defendant, GC SERVICES, that she could not believe they were contacting Plaintiffs' neighbors and informed

4

them that she would not deliver any messages for them. Mrs. Walton further instructed the agent or employee of Defendant to stop calling their home in an attempt to get a message delivered to Plaintiffs, DANA and MICHELLE MANLEY.

23. That Mrs. Walton telephoned Plaintiff, MICHELLE MANLEY, to inform her that she, as well as another neighbor, were receiving telephone calls regarding Plaintiffs from a debt collector.

24. That Plaintiffs, DANA and MICHELLE MANLEY, were driven to tears upon learning that their neighbors knew about their personal financial situation. Plaintiffs were extremely embarrassed and feared that Defendant, GC SERVICES, would attempt to contact other neighbors with regard to their debt.

## COUNT I – VIOLATION OF 15 U.S.C. § 1692 et seq.

25. That all of the above-described collection communications made by Defendant, GC SERVICES, were made in violation of numerous and multiple provisions of the FDCPA.

26. That 15 U.S.C. § 1692b provides,

> **"Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall--(1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer; (2) not state that such consumer owes any debt; (3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information…"**

27. That Defendant, GC SERVICES, communication with Plaintiffs' neighbors was not an attempt to ascertain location information as Defendant did not attempt to verify Plaintiffs' address or telephone number.

28. That Defendant, GC SERVICES, communicated with Plaintiffs' neighbors in such a way that it was evident that Defendant was calling regarding an outstanding debt.

29. That 15 U.S.C. § 1692c(b) provides,

> "**Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.**"

30. That Plaintiffs, DANA and MICHELLE MANLEY, never gave Defendant, GC SERVICES, permission to communicate with their neighbors, or anyone else, about their outstanding debt.

31. That 15 U.S.C. § 1692e(10) provides,

> "**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**"

32. That agents and/or employees of Defendant, GC SERVICES, attempted to misrepresent themselves in order to get Plaintiffs' neighbors to relay their messages to Plaintiffs and obtain information regarding Plaintiffs.

WHEREFORE, Plaintiffs, DANA and MICHELLE MANLEY, request judgment against Defendant, GC SERVICES, for statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and actual damages pursuant to 15 U.S.C. § 1692k(a)(1), together with interest, costs of suit, and reasonable attorney's fees.

### COUNT II – INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

33. That Plaintiffs, DANA and MICHELLE MANLEY, incorporate all of the paragraphs of this Complaint as though fully stated herein.

34. That Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **"Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."**
>
> 15 U.S.C. §1692(a) (emphasis added).

35. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial date for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purpose:

> **"It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information."**
>
> 15 U.S.C. § 6801(a) (emphasis added).

36. That Defendant, GC SERVICES, intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or

7

affairs of Plaintiffs, DANA and MICHELLE MANLEY, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiffs' privacy.

37. That Defendant, GC SERVICES, intentionally and/or negligently caused emotional harm to Plaintiffs, DANA and MICHELLE MANLEY, by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiffs' right to privacy.

38. That Defendant, GC SERVICES, and its agents undertook a series of communications to Plaintiffs' neighbors, constituting an invasion of privacy. Said communications were harassing, unreasonable, systematic and continuous in number and made in disregard for Plaintiffs' right to privacy. Said communications were made to force, coerce, harass, frighten, embarrass and/or humiliate Plaintiffs into paying a debt.

39. That the said invasions by Defendant, GC SERVICES, and its agents were intentional, willful, and malicious, and violated the Plaintiffs' privacy. Said invasions were regular, continuous and systematic, harassing, and unreasonable collection efforts and violated Plaintiffs' privacy.

40. That Plaintiffs, DANA and MICHELLE MANLEY, had a reasonable expectation of privacy in solitude, seclusion, private concerns or affairs, and private financial information.

41. That the conduct of Defendant, GC SERVICES, resulted in multiple intrusions and invasions of privacy by Defendant, which occurred in a way that would be highly offensive to a reasonable person in that position.

42. That as a result of such invasion of privacy by Defendant, GC SERVICES, and its agents, Defendant and its agents have caused Plaintiffs, DANA and MICHELLE MANLEY, to suffer emotional distress, embarrassment and humiliation.

WHEREFORE, Plaintiffs, DANA and MICHELLE MANLEY, request judgment against Defendant, GC SERVICES, for actual damages and any further relief that may be deemed just and proper.

## COUNT III – VIOLATION OF FLA. STAT. § 559.72(5) FOR ACTIONS THAT OCCURRED ON NOVEMBER 17, 2009

43. That Plaintiffs, DANA and MICHELLE MANLEY, incorporate the allegations of paragraphs 1 through 15, and paragraph 24, of this Complaint.

44. That Florida Statute §559.72(5) provides,

> "In collecting consumer debts, no person shall disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false."

45. That Defendant, GC SERVICES, repeatedly communicated with Plaintiffs' neighbors and provided enough information as to affect Plaintiffs' reputation.

46. That by communicating with Plaintiffs' neighbors and disclosing information that affected Plaintiffs' reputation in their community, Defendant, GC SERVICES, directly violated Florida Statute § 559.72(5).

WHEREFORE, Plaintiffs, DANA and MICHELLE MANLEY, request judgment against Defendant, GC SERVICES, for statutory damages in the amount of $1,000.00 and actual damages, together with interest, costs of suit, and reasonable attorney's fees.

## COUNT IV – VIOLATION OF FLA. STAT. § 559.72(5) FOR ACTIONS THAT OCCURRED ON NOVEMBER 18, 2009

47. That Plaintiffs, DANA and MICHELLE MANLEY, incorporate the allegations of paragraphs 1 through 19, paragraph 24, and paragraph 44, of this Complaint.

48. That Defendant, GC SERVICES, repeatedly communicated with Plaintiffs' neighbors and provided enough information as to affect Plaintiffs' reputation.

49. That by communicating with Plaintiffs' neighbors and disclosing information that affected Plaintiffs' reputation in their community, Defendant, GC SERVICES, directly violated Florida Statute § 559.72(5).

WHEREFORE, Plaintiffs, DANA and MICHELLE MANLEY, request judgment against Defendant, GC SERVICES, for statutory damages in the amount of $1,000.00 and actual damages, together with interest, costs of suit, and reasonable attorney's fees.

## COUNT V – VIOLATION OF FLA. STAT. § 559.72(5) FOR ACTIONS THAT OCCURRED ON NOVEMBER 19, 2009

50. That Plaintiffs, DANA and MICHELLE MANLEY, incorporate the allegations of paragraphs 1 through 24, and paragraph 44, of this Complaint.

51. That Defendant, GC SERVICES, repeatedly communicated with Plaintiffs' neighbors and provided enough information as to affect Plaintiffs' reputation.

52. That by communicating with Plaintiffs' neighbors and disclosing information that affected Plaintiffs' reputation in their community, Defendant, GC SERVICES, directly violated Florida Statute § 559.72(5).

WHEREFORE, Plaintiffs, DANA and MICHELLE MANLEY, request judgment against Defendant, GC SERVICES, for statutory damages in the amount of $1,000.00 and actual damages, together with interest, costs of suit, and reasonable attorney's fees.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiffs, DANA and MICHELLE MANLEY, demand trial by jury in this action.

Respectfully submitted this 21st day of October, 2010.

_____
Frank T. Papa, Esq.
FL Bar # 150355
Law Offices of Robert M. Geller, P.A.
807 West Azeele Street
Tampa, Florida 33606
Phone: (813)254-7687
Fax: (813) 253-3405
E-mail: frank.rmglaw@verizon.net
Attorney for Plaintiffs

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA )
                            ss
COUNTY OF HILLSBOROUGH )

Plaintiff, DANA MANLEY, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys had I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
DANA MANLEY

Sworn to or affirmed and signed before me on October 22nd, 2010, by DANA MANLEY.

_____
NOTARY PUBLIC – STATE OF FLORIDA

Kristin Potts
_____
Print, type, or stamp commissioned name of notary

KRISTIN E POTTS
MY COMMISSION # EE031421
EXPIRES October 03, 2014
(407) 398-0153   FloridaNotaryService.com

_____ Personally Known

✓ Produced Identification [Type of identification produced FL DL ]
# M540-173-68-263.0
exp - 7-23-13

### VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA )
                 ss
COUNTY OF HILLSBOROUGH )

Plaintiff, MICHELLE MANLEY, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys had I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
MICHELLE MANLEY

Sworn to or affirmed and signed before me on October 22, 2010, by MICHELLE MANLEY.



_____
NOTARY PUBLIC – STATE OF FLORIDA

_____
Print, type, or stamp commissioned name of notary

_____ Personally Known

__✓__ Produced Identification [Type of identification produced  FL DL#  ]
M540-552-70-770-0
exp. 7-30-11